INHABITANTS OF RICHMOND *vs.* SAMUEL BROWN and trustee.

Sagadahoc, 1876.—November 27, 1876.

*Bankruptcy. Tax. Payment.*

A debt from a collector of taxes for a town or city for its taxes collected by him and not paid over, is a fiduciary debt within the bankrupt law, and is not barred by such collector's obtaining a discharge in bankruptcy.

Such collector is a public officer and when guilty of official defalcation, the debt created by such defalcation is not barred by a discharge in bankruptcy.

An action for money had and received may be maintained by a town against its collector of taxes for moneys collected by him and not accounted for in his annual settlement with the town.

When a fiduciary debt is proved in bankruptcy, the creditor must account on his debt both for the dividends received and for those which he was entitled to receive and did not receive but might have received had it not been for his neglect.

If a collector of taxes has been credited for his per centage for collections before bankruptcy and proceeds to collect after his discharge, he is not entitled to a per centage for collections after such discharge, upon which he has been allowed a per centage.

When money is appropriated to the discharge of a tax of a particular year at the time of its payment, such appropriation cannot be changed to the injury of the collector.

ON REPORT.

ASSUMPSIT, for money had and received by the defendant as collector of taxes.

*J. W. Spaulding,* for the plaintiffs.

*W. T. Hall,* for the defendant.

APPLETON, C. J. This is an action for money had and received by the defendant, a collector of taxes of the plaintiff town for the year 1872.

It appears that the defendant collected large sums of money upon the tax bills of 1872 in his hands for collection, and that on February 20, 1873, he looked over the collections made and his payments therefrom with the selectmen and there was then found due from him to the town for money in his hands the sum of $2,341.04, for which he gave a note, not negotiable, of the following tenor :

"$2,341.04.                    Richmond, Me., Feb. 20, 1873.

For value received I promise to pay the treasurer of the town of Richmond, the sum of twenty-three hundred forty-one dollars and four cents on demand with interest. The same being the amount due the town for its portion of taxes of 1872 committed to me for collection as per settlement with the selectmen this day.

No interest claimed to May 1, 1873.

Samuel Brown, collector.

Samuel Toothaker, surety.

J. M. Hagar, surety."

In addition to the above sum, the plaintiffs claim $655.89, which has been since collected or which was not included in the settlement of Feb. 20, 1873.

On May 14, 1873, upon the petition of one of his creditors, the defendant was adjudged a bankrupt and, after due proceedings had, on Dec. 7, 1874, received his final discharge.

Such is the claim as made by the plaintiffs. It remains to consider the various grounds upon which this demand is resisted and upon which the defendants rely.

I. The action is maintainable. The defendant has appropriated the town's money to his own use. He should account for what he has received. It is no answer that his sureties are not sued with him. The objection, if available, could only be taken advantage of by plea in abatement.

The defendant is equally liable for moneys received since the settlement made with the town, which may be recovered in an action for money had and received. *Adams* v. *Farnsworth*, 15 Gray, 423.

II. The warrant given the defendant exempts from distress, property not exempted by statute. The defendant was not liable for not proceeding to collect, the warrant not being in accordance with the statute. He can be held to account only for the money collected by him. *Orneville* v. *Pearson*, 61 Maine, 552. *Adams* v. *Farnsworth*, 15 Gray, 423.

III. Reliance is placed upon the defendant's discharge in bankruptcy. But the plaintiffs' suit is for money received by him in a fiduciary capacity and for which he has not accounted. A debt

due from a collector of taxes for a municipal corporation for taxes received is a fiduciary debt. *Morse* v. *Lowell*, 7 Met. 152.

The defendant received the money as a public officer, and by neglect to pay is guilty of defalcation as such public officer; and his debt thus created is not barred by his discharge in bankruptcy. By R. S. of U. S., § 5117, "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt."

The plaintiffs, therefore, are obviously entitled to recover ; but the dividend received is to go in reduction of the plaintiffs' debt.

IV. The plaintiffs presented their debt on March 10, 1874, and on March 18, received a dividend, which apparently was the last. But the plaintiffs were equally entitled to the first dividend. By R. S. 5097, "no dividend already declared shall be disturbed by reason of debts being subsequently proved, but the creditors proving such debts shall be entitled to dividends equal to those already received by the other creditors, before any further payment is made to the latter."

The plaintiffs had it in their power to receive both dividends. It was their own neglect that both were not received. They were under no obligation to prove their claim for a dividend ; for it would not be discharged by the defendant's discharge in bankruptcy, but having proved their claim, they should be held to account for all dividends to which they were entitled and might have received. It was their own neglect that it was not received.

The plaintiffs then are to allow the defendant for the dividend received, and the dividend which they might have obtained, and to which they were entitled, had they used due diligence in enforcing their legal rights.

V. In relation to the sum of $655.89, it is not satisfactorily clear how that sum is made up. The defendant, in addition to his note or memorandum, should be held to account for all moneys in his hands, collected since Feb. 20, 1873. He should be credited for his reasonable charges for his collections since that date, unless he has already been allowed for the costs of collection. In other words, he should not be paid twice for the same service.

VI. All taxes should be credited to the account of the year for which they were paid. The appropriation of the money should be to the tax the parties intended at the time to discharge and for which it was paid. The payments made to cancel taxes should be applied according to the intention of the parties as expressed at the time of such payment. Both parties must be bound by an appropriation deliberately made.

Whether there has been any change of credits or debits to the injury of the defendant, as he claims, can be ascertained at the hearing, at *nisi prius* where the amount for which judgment is to rendered, is to be determined.

*Judgment for the plaintiffs.*

*Damages to be assessed at nisi prius.*

DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.